1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **JACK ALLEN WILSON,** | ) | **CV F 04-6428 AWI WMW HC** |
| | ) | |
| **Petitioner,** | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATIONS RE** |
| **v.** | ) | **PETITION FOR WRIT OF** |
| | ) | **HABEAS CORPUS** |
| | ) | |
| **JEANNE WOODFORD, DIRECTOR,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |
| _____ | ) | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

## PROCEDURAL HISTORY

Petitioner was convicted of attempted murder and stalking in Los Angeles County Superior Court.  The court sentenced Petitioner to serve a term of seven years, with a three-year enhancement.   His conviction and sentence are not directly at issue in the present petition.

On September 9, 1997, Correctional Officer Chambers conducted a search of the cell occupied by Petitioner and his cellmate, inmate Dodd. The officer discovered an altered razor blade hidden beneath the cell's desk seat. Petitioner admitted owning the razor blade. A rules violation report was issued for the possession of dangerous contraband.

On September 11, 1997, Petitioner was served with a copy of the rules violation report for possession of dangerous contraband. Petitioner was determined not to meet the regulatory criteria for assignment of an investigatory employee or staff assistant to help him prepare for the disciplinary hearing. The disciplinary hearing was held on September 14, 1997, with Lieutenant Wan serving as the Senior Hearing Officer.

Petitioner did not request any witnesses prior to the hearing. At the hearing, Lieutenant Wan heard the testimony of Petitioner, Correctional Officer Chambers and inmate Dodd. The Senior Hearing Officer found Petitioner guilty upon a preponderance of evidence. Specifically, the Rule Violation Report provided as follows:

FINDINGS: Found GUILTY . . . based on the preponderance of evidence which includes:

(A) Inmate Wilson's complete admission to Officer Chamber's [sic] that the altered razor blade belongs to him and he used it to sharpen his pencil.
(B) The altered razor blade was found inside cell #203 which is assigned to Inmate Dodd, D-65386 and Inmate Wilson, K-61888.
(C) A review of cell search log reflected that cell #203 was searched on September 8, 1997. The Officer's Search Log reflected only found extra fruits and trash inside the cell. At the time of the search Inmate Dodd and Inmate Wilson had already moved into cell #203. The razor blade was found by Officer Chambers on September 9, 1997 during another cell search.

Petitioner was assessed a 91-day credit forfeiture.

**LEGAL STANDARD**

 JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams

2

v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established

3

1  federal law erroneously or incorrectly." <u>Lockyer</u>, at 1174 (citations omitted).  "Rather, that

2  application must be objectively unreasonable." <u>Id.</u> (citations omitted).

3       While habeas corpus relief is an important instrument to assure that individuals are

4  constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392

5  (1983); <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a

6  criminal conviction is the primary method for a petitioner to challenge that conviction.

7  <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the

8  state court's factual determinations must be presumed correct, and the federal court must

9  accept all factual findings made by the state court unless the petitioner can rebut "the

10  presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1);

11  <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769 (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99,

12  116 S.Ct. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

14       Petitioner contends that his right to due process was violated in connection with the

15  disciplinary hearing.  Under the Fourteenth Amendment, no state shall deprive any person of

16  life, liberty, or property without due process of law.  Prisoners retain their right to due

17  process subject to the restrictions imposed by the nature of the penal system.  <u>Wolff v.</u>

18  <u>McDonnell</u>, 418 U.S. 539, 556 (1974).

19       A prisoner in a prison disciplinary hearing is not entitled to the full array of due

20  process rights that a defendant possesses in a criminal prosecution. <u>Id</u>. at 556.  However, a

21  prisoner who is accused of serious rules violations and who may be deprived of his or her

22  good-time credits is entitled to certain minimum procedural protections.  <u>Id</u>. at 571-71 n. 9.

23  The process due in such a prison disciplinary hearing includes: (1) written notification of the

24  charges; (2) at least a brief period of time after the notice to prepare for the hearing; (3) a

25  written statement by the fact-finders as to the evidence relied on and reasons for the

26  disciplinary action; (4) the inmate facing the charges should be allowed to call witnesses and

4

present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564, 566, 570.

In addition, a decision to revoke an inmate's good-time credit does not comport with minimum procedural due process requirements unless its underlying findings are supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 454 (1985). In reviewing a decision for "some evidence," courts "are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." Id. at 455-56. The Ninth Circuit has further held that there must be "some indicia of reliability of the information that forms the basis for prison disciplinary actions." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) (uncorroborated hearsay statement of confidential informant with no firsthand knowledge is not enough evidence to meet Hill standard.)

In this case, Petitioner was given written notice of the charges against him when he was served with the rules violation report on September 11, 1997. Petitioner was given three days to prepare for the hearing, and was given a written statement by the fact-finders as to the evidence relied on and reasons for the disciplinary action in the form of the rules violation report. Petitioner did not request any witnesses at the disciplinary hearing.

Petitioner complains that he was not given an investigative employee. See Cal.Code Regs. tit 15, § 3318(a). As Respondent argues, Petitioner did not require an investigative employee to assist in preparing for the disciplinary hearing. The charge rested on a routine cell search and the admissions of Petitioner and his cellmate. Further, no claim of a coerced admission was made prior to or at the time or the hearing.

Petitioner also complains that he was not given a staff assistant for the disciplinary hearing. See Cal.Code Regs. tit. 15, § 3315(d)(A). Again, as Respondent argues, Petitioner did not require a staff assistant for the disciplinary hearing. Petitioner does not dispute that

he is fluent in English and he is not able to point to anything in the record showing that he was unable to fully participate in the disciplinary proceeding.

The reporting employee, Officer Chambers, was present at the disciplinary hearing, and Petitioner did not request any witnesses. Therefore, claims by Petitioner to the contrary are without basis.

Finally, any claim by Petitioner that there was a lack of sufficient evidence to support the guilty finding is meritless. The decision was based on the fact that the prior cell search did not reveal any altered razor blade and the statements of both Petitioner and his cellmate that the razor belonged to Petitioner. Thus, the decision was amply supported under the "some evidence" standard set forth in Hill.

In light of the above, the state court decisions upholding the Senior Hearing Officer's finding of guilt  were neither contrary to, nor did they involve an unreasonable interpretation of clearly established Federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). Accordingly, this petition presents no basis for habeas corpus relief.

Accordingly, IT IS HEREBY RECOMMENDED that this petition for writ of habeas corpus be DENIED and that judgment be entered for Respondent.


These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order.

Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:     January 19, 2007**                    _____/s/  William M. Wunderlich_____
mmkd34                                              UNITED STATES MAGISTRATE JUDGE

7